IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. WILSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-00806 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

This case arises from an auto collision in February 2012 in which Plaintiff Kevin D. Wilson, Jr. was allegedly struck and injured by an employee of Defendant BNSF Railway Company. Now before the Court is Plaintiff's Motion to Dismiss Without Prejudice (Doc. 20) and Defendant's Suggestions in Opposition (Doc. 27). Because Plaintiff has proffered a credible reason to dismiss and this case is at an early stage in the litigation, the Court grants Plaintiff dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). However, since Plaintiff's inattention to this case has caused the Defendant to incur some otherwise avoidable expenses, the Court orders Plaintiff to reimburse Defendant for these expenses.

### **Factual and Procedural Background**

Plaintiff initially filed this case in the Circuit Court of Jackson County, Missouri in August 2013. Defendant removed the case to federal court later that same month, invoking the Court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff did not take any additional action until the end of January 2014.

From August 2013 to January 2014, Plaintiff failed to draft a Joint Proposed Scheduling Order/Discovery Plan, as required by Local Rule 16.1(d). Plaintiff also repeatedly failed to

communicate with Defendant when it took the lead in developing the scheduling order. Additionally, Plaintiff did not submit a required mediation statement, nor did he attend a mandatory Mediation and Assessment Program meeting in early January 2014. In response to Plaintiff's inactivity, Defendant filed a motion to dismiss with prejudice, for failure to prosecute.

Upon learning of Defendant's motion, Plaintiff re-engaged in the case. In subsequent filings with this Court, Plaintiff explained—without supporting evidence—that the delay and inaction was the result of misunderstanding as "Plaintiff's previous counsel believed that Plaintiff had retained new counsel prior to that transition actually occurring" (Doc. 22 at 2).

After many filings from each party, Plaintiff filed a motion to dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(2). In his motion, Plaintiff stated his intention to add the employee driver as a defendant, thereby precluding diversity jurisdiction. To streamline the process, Plaintiff sought to dismiss the case without prejudice and refile in state court.

**Standard of Review**

The district court has discretion to allow a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). *Hamm v. Rhone-Poulenc Rohrer Pharm.,* 187 F.3d 941, 950 (8th Cir. 1999). In weighing that discretion, the court considers a number of factors, including whether the plaintiff has presented a proper explanation for the dismissal, whether a dismissal would waste judicial time and effort, and whether a dismissal would prejudice the defendant. *Id.*

Under Rule 41(a)(2), the district court may also dismiss a case subject to any terms and conditions it deems proper. In addition to imposing other conditions, the court can require the plaintiff to pay the defendant's costs and attorney fees. *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). The court has authority to award such

costs, even if a case is dismissed without prejudice. *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (per curiam).

Generally, in the event of dismissal, the defendant may only recover costs and attorney fees for work that cannot be used in future litigation of the claims. *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Additionally, under Federal Rule of Civil Procedure 16(f), the court can also require the plaintiff to pay for any expenses the defendant incurs as a result of the plaintiff's noncompliance with pretrial schedules and orders.

## Discussion

There are two issues here, (1) whether the Court should grant Plaintiff's motion to dismiss, and (2) whether Plaintiff should pay any of Defendant's expenses.

### I. The Court grants Plaintiff's motion to dismiss.

With respect to the first question, the Court finds that, on balance, the *Hamm* factors weigh in favor of granting Plaintiff's motion to dismiss. First, Plaintiff has explained that he seeks dismissal to add a non-diverse defendant and proceed with the action in state court. This does not appear to be a case of fraudulent joinder, so it is a credible, proper justification for seeking to dismiss without prejudice. *See O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639, 641 (W.D. Mo. 1989) (holding in a wrongful death auto accident involving a school bus that the plaintiffs could dismiss without prejudice and refile in state court, naming the nondiverse school bus driver as an additional defendant).

Second, dismissal at this stage would not waste significant judicial time and effort. While the Court has given some time and attention on this case, the case remains in the early stages of discovery. Because of this inactivity, the Court has not expended significant resources adjudicating discovery disputes, issuing substantive orders, or performing other tasks.

Third, a dismissal would not significantly prejudice Defendant. To prevail on this element, a defendant must demonstrate "plain legal prejudice." *Hoffman v. Alside, Inc.,* 596 F.2d 822, 823 (8th Cir. 1979). In this, it is not sufficient to show that Plaintiff will gain a tactical advantage by his action, or that it would be inconvenient to defend another lawsuit. *Id.; Home Owners' Loan Corp. v. Huffman,* 134 F.2d 314, 317 (8th Cir. 1943). Rather, for there to be plain legal prejudice here, Defendant would need to show that it would lose a substantive right if the case was dismissed. Defendant has not shown plain legal prejudice. This case will be governed by the same substantive law—Missouri state law—whether it is heard here or in state court. And, Defendant has not identified any procedural disadvantage that it may face if this case were heard in state court. *Id.* at 318.

After considering the *Hamm* factors, the Court grants the Plaintiff's motion to dismiss.

**II. The Court requires Plaintiff to pay some of Defendant's costs.**

While the Court will allow Plaintiff to dismiss this case without prejudice, this approval comes with a caveat. As a condition of dismissal, courts often require a plaintiff to pay a defendant's costs and attorney fees. *Belle-Midwest*, 56 F.3d at 978-79. Such a requirement is appropriate here. Because of Plaintiff's counsel's early inattention to this matter, Defendant incurred many unnecessary costs, expenses, and legal fees. For example, the time spent at the aborted mediation and preparing the motion to dismiss for failure to prosecute, were all unnecessary expenses that will be of no benefit to Defendant when Plaintiff re-files this case in state court. Accordingly, Plaintiff should reimburse Defendant for these costs.

## Conclusion

The motion to dismiss (Doc. 20) is GRANTED IN PART. This lawsuit is dismissed without prejudice on the condition that Plaintiff reimburses Defendant for all of its reasonable costs, expenses, and attorneys' fees related to the following: (1) all preparation of scheduling and discovery documents required by Rule 16, Rule 26(f), and this Court's Local Rules; (2) preparation for and attendance at the January 2014 Mediation and Assessment Program meeting; and (3) all briefing regarding Defendant's motion to dismiss (Doc. 11, 12, 18, 26).

Defendant shall provide an itemization of these various costs in a supplemental filing made on or before August 27, 2014. Plaintiff may file a short responsive brief objecting to any particular cost, expense, or fee as unreasonable.[1] Any such brief shall be filed on or before September 10, 2014. If Plaintiff files a responsive brief, Defendant may file a short reply brief on or before September 24, 2014.

**IT IS SO ORDERED.**

Date:  August 19, 2014                    /s/ Greg Kays
                                          GREG KAYS, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1] Plaintiff shall not use this brief to attempt to re-litigate the issues discussed in this order.